IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD POINTER, | ) | 8:08CV80 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LINCOLN REGIONAL CENTER, | ) | |
| DR. SANAT ROY, and NORFOLK | ) | |
| REGIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 19, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on February 19, 2008 against three defendants, Lincoln Regional Center ("LRC"), Norfolk Regional Center ("NRC"), and Dr. Sanat Roy.[1] (Filing No. 1 at CM/ECF p. 3.) Defendant Roy is employed as a Clinical Director at the Lincoln Regional Center. (*Id.* at CM/ECF p. 3.) Plaintiff is currently a patient at the Norfolk Regional Center. (*Id.*)

---

[1] Plaintiff lists the "Department of Health and Human Services" as a Defendant in the Complaint, but did not name them as a Defendant in the caption. (Filing No. 1 at CM/ECF pp. 1-3.)

Condensed and summarized, Plaintiff alleges five claims related to the conditions of his confinement,[2] and five claims related to his personal liberty interests.[3] (*Id.* at CM/ECF pp. 4-5.) Plaintiff also alleges that he is "[b]eing kept and rehospitalized . . . way beyond what Is needed/warranted. . . . " (*Id.* at CM/ECF p. 4.) In addition, Plaintiff alleges that NRC wants to "place [him] Back in the coustody [sic] of Dr Roy . . . which could Be counterproductive. . . ." (*Id.* at CM/ECF p. 5.) Plaintiff requests that the court release him from the "hospital," and revoke Defendant Roy's medical license. Plaintiff also requests a "multi Million/Billion" in monetary damages for "medical insurance" and "loss of freedom and being over medicated." (*Id.* at CM/ECF pp. 6-7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state

---

[2] Claims one, two, three, ten and eleven, as set forth in the Complaint.

[3] Claims four, six, seven, eight, and nine, as set forth in the Complaint.

a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Monetary Damages Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his

court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks a "multi Million/Billion" in monetary damages for claims relating to the conditions of his confinement and his personal liberty interests.[4] (Filing No. 1 at CM/ECF pp. 4-7.) As discussed above, the Eleventh Amendment bars monetary damages claims against the state and its instrumentalities. LRC and NRC are both state instrumentalities operated by the Nebraska Department of Health and Human Services. Therefore, Plaintiff's monetary damages claims against LRC and NRC are dismissed pursuant to 28 U.S.C. § 1915(e).

---

[4]Plaintiff alleges several claims that relate to the conditions of his confinement and his personal liberty interests, but fails to request injunctive relief beyond his release from the "hospital." (Filing No. 1 at CM/ECF pp. 6-7.) Thus, the court liberally construes these claims as claims for monetary damages only, and addresses his release request below.

4

The Eleventh Amendment also bars damages claims against state employees sued in their official capacities. Defendant Roy is a state employee at the Lincoln Regional Center. (*Id*. at CM/ECF p. 3.) Because Plaintiff fails to specify the capacity in which he sues Defendant Roy, the court presumes that Plaintiff sues Defendant Roy in his official capacity only. See *Johnson*, 172 F.3d at 535. As a state employee, Defendant Roy enjoys sovereign immunity for damages claims made against him in his official capacity. See *Parrish*, 963 F.2d at 203 n.1. Consequently, Plaintiff's monetary damages claims against Defendant Roy are also dismissed pursuant to 28 U.S.C. § 1915(e).

B.  Plaintiff's Release Request

Plaintiff's remaining claims relate to the validity of his confinement at NRC.[5] Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

Here, Plaintiff specifically requests to be released from the hospital, and alleges that his past sentence has expired "3X over." (Filing No. 1 at CM/ECF pp. 4, 6.) Plaintiff wants a "fair shake at entering society again" and would like to "move on with his life." (*Id.* at CM/ECF p. 7.) Plaintiff's claims and requested relief

---

[5] Plaintiff's remaining claims, claims five and twelve as set forth in the Complaint, relate the validity of Plaintiff's confinement at NRC.

5

necessarily implicate the validity of his confinement. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's monetary damages claims against Defendants are dismissed.

2. Plaintiff's claims related to the validity of his confinement are dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to send to Plaintiff the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

July 14, 2008.   BY THE COURT:

   s/*Richard G. Kopf*
   United States District Judge